1  DAVID P. MASTAGNI, ESQ. (SBN 057721)
   JAMES B. CARR, ESQ. (SBN 053274)
2  DAVID E. MASTAGNI, ESQ. (SBN 204244)
   ISAAC S. STEVENS, ESQ. (SBN 251245)
3  DAVID D. KING, ESQ. (SBN 252074)
   **MASTAGNI, HOLSTEDT, AMICK,**
4  **MILLER & JOHNSEN**
   *A Professional Corporation*
5  1912 "I" Street
   Sacramento, California 95811
6
   Telephone:   (916) 446-4692
7  Facsimile:   (916) 447-4614

8  Attorneys for Plaintiffs

9

10                      UNITED STATES DISTRICT COURT

11                     EASTERN DISTRICT OF CALIFORNIA

12

13  BENJAMIN C. CORIN, an individual,     )    CASE NO.
                                          )
14              Plaintiff,                )    **COMPLAINT FOR:**
                                          )
15                                        )    **1.    Violations of the Fair Labor
        v.                                )           Standards Act (29 U.S.C. § 201,**
16                                        )           **et seq.)**
                                          )    **2.    Failure to Pay Overtime (Cal.**
17  CINTAS   CORPORATION,   an   Ohio )          **Labor Code §§ 218.6, 510, 511**
    Corporation;   CINTAS   CORPORATE )          **558, 1194, 1198, 1199, Wage**
18  SERVICES, INC.; CINTAS CORPORATION )          **Order No. 4-2001)**
    NO. 2;  PAUL PRIMERANO, an individual; )  **3.    Failure to Pay Full Wages When**
19  JOE STARON, an individual; and ELIZABETH )        **Due (Cal. Labor Code § 201,**
    HALL, an individual,                  )           **201-204, 1194, 1199);**
20                                        )    **4.    Failure to Adhere to California**
                                          )           **Record Keeping Requirements**
21              Defendants.               )           **(Cal. Labor Code §§ 226, 226.3**
                                          )           **1174, 1174.5 Wage Order No. 4-**
22                                        )           **2001)**
                                          )    **5.    Unfair Business Practices (Cal.**
23                                        )           **Business & Profession Code §**
                                          )           **17200 et seq.)**
24                                        )    **6.    Breach of Written Contract**
                                          )    **7.    Breach of Oral Contract**
25                                        )    **8.    Retaliation**
                                          )    **9.    Wrongful    Termination    in**
26                                        )           **Violation of Public Policy**
                                          )    **10.   Intentional Infliction of Emotion**
27                                        )           **Distress**
                                          )    **11.   Fraud/Fraudulent Inducement**
28

---

Complaint for Violations of the FLSA and California Law          *Corin v. Cintas Corp., et al.*
                                                                 Eastern District of California

| | |
|---|---|
| ) | **12.** **Conversion** |
| ) | **13.** **Unjust Enrichment** |
| ) | **14.** **Injunctive Relief** |
| ) | **15.** **Private Attorney General Act** |
| ) | **Claim for Violation of Cal.** |
| ) | **Labor Code Provisions (Cal.** |
| ) | **Labor Code § 2698 et seq.)** |
| ) | |
| ) | **Demand for Jury Trial** |

## INTRODUCTION

1.     Plaintiff Benjamin C. Corin (hereafter "Corin") brings this action alleging violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq.; various violations of the provisions of the California Labor Code provisions; violations of Wage Order No. 4 of the California Industrial Welfare Commission (Wage Order No. 4-2001); violations of the Cal. Business and Professions Code § 17200 et seq., which constitute unfair and unlawful business practices; as well as common law claims for fraud, breach of contract, intentional infliction of emotional distress and restitution; wrongful termination and  retaliation based upon California statues and public policy and upon the FLSA; and equitable claims for unjust enrichment and injunctive relief, to recover from Defendant Cintas Corporation (hereafter "Cintas") and from individual Defendants, Paul Primerano (hereafter "Primerano "), Joe Staron (hereafter "Staron") and Elizabeth Hall (hereafter "Hall"), for unpaid compensation, wages, bonuses and commissions, consequential damages, general damages, punitive damages, statutory penalties, restitution, injunctive relief, costs and reasonable attorneys fees.

2.     Plaintiff was required to work in excess of forty hours per work week, eight hours per day or other alternative workweek schedules in violation of the Fair Labor Standards Act and in violation of California Labor Code provisions and Wage Order No. 4 issued by the California Industrial Welfare Commission (Wage Order No. 4-2001).

3.     Corin alleges that the Defendants, and each of them, maintained an unlawful policy and practice of failing to compensate its "Partners" (Uniform Sales Associates), including the Plaintiff, for time spent working in excess of the overtime threshold hours required by the FLSA and by the California Labor Code provisions and Wage Order No. 4-2001. Corin seeks compensation for

Complaint for Violations of the FLSA and California Law
-2-
*Corin v. Cintas Corp., et al.*
Eastern District of California

1  all uncompensated work; all statutory penalties, liquidated damages, costs and other damages

2  permitted by law; restitution and/or disgorgement of all benefits obtained by said Defendants, and

3  each of them, from its unlawful business practices; damages for all violations of the common law,

4  breach of contract; all other forms of equitable relief permitted by law; and for reasonable attorneys'

5  fees and costs.

6                                        **JURISDICTION AND VENUE**

7       4.     Jurisdiction for this action is conferred on this Court by 28 U.S.C. § 1331 and §

8  216(b) of the FLSA. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C.

9  § 216(b).  The Court has also has jurisdiction based upon diversity of citizenship, because Cintas

10  Corporation is an Ohio corporation doing business in California and maintaining a business office

11  (place of business) in Sacramento County, which is within in the Eastern District of California, and

12  the amount in controversy exceeds $75,000.00 in value.  28 U.S.C. § 1332.

13       5.     This Court has supplemental jurisdiction over all other pendent state claims alleged

14  in this action under 28 U.S.C. § 1367, because they form part of the same case or controversy as the

15  aforementioned claims.

16       6.     The Eastern District of California has personal jurisdiction over Defendants, because

17  the corporate Defendant has qualified with the California Secretary of State to do business in the

18  State of California, and it is doing business in California and within the Eastern District of California.

19  The acts complained of occurred in California and in the Eastern District of California and give rise

20  to the claims alleged herein.  Venue is proper in the Eastern District of California, pursuant to 28

21  U.S.C. §§ 1391(b)(2) & (c).

22

23                                              **PARTIES**

24       7.     Plaintiff Corin was a natural person employed by Cintas as a "Partner" (Uniform Sales

25  Associate) at the Cintas Corporation No. 2 Business Office, located at 1231 National Drive,

26  Sacramento, CA 95834.  Plaintiff Corin, at all times relevant to the Complaint, was a resident of

27  Sacramento County, California.

28       8.     Plaintiff CORIN was employed by Defendants as a "Partner" (Uniform Sales

---

Complaint for Violations of the FLSA and California Law                    *Corin v. Cintas Corp., et al.*
                                          -3-                              Eastern District of California

Associate) within the four years before the filing of the instant Complaint.  He was originally employed on January 3, 2007, until he was wrongfully terminated from this position or about November 21, 2008.  During this time, Corin's total hours worked for Cintas Corporation exceeded forty hours per work week, eight hours per day or other alternative workweek schedules in toto.

9.     Cintas Corporation is an Ohio corporation, providing uniforms and other supplies to businesses, persons, organizations and entities throughout California and the United States, with its corporate headquarters located in Mason, Ohio 45040.   It has qualified to do business in the State of California, and at all times relevant was doing business in California, as the Cintas Corporation No. 2, and/or as Cintas Corporate Services, Inc, all of which were divisions, subsidiaries, and/or the alter ego of Cintas Corporation.    It employs "Partners" throughout the United States.    At all relevant times, Cintas was Corin's "employer," pursuant to 29 U.S.C. § 203 and under California law.

10.     Defendant Joe Staron is an individual. He was the Cintas Sales Manager, and he was Corin's immediate supervisor, at the Cintas Corporation Office in Sacramento, CA. Said Defendant retaliated against Corin and appropriated Corin's wages, earnings, commissions and bonuses for his own account, and he actively participated in and assisted Cintas in the wrongful termination of Corin from his "Partner's" position.

11.     Defendant Paul Primerano is an individual. He who was the Cintas Sales Director, and one of Corin's supervisors and his managers, at the Cintas Corporation Office in Sacramento, CA, and he actively participated in and assisted Cintas in the wrongful termination of Corin from his "Partner's" position.

12.     Defendant Elizabeth Hall is an individual. She was the Human Resources Director, and she had management authority over Corin, at the Cintas Corporation Office in Sacramento, CA, and she actively participated in and assisted Cintas in the wrongful termination of Corin from his "Partner's" position.

## FACTUAL ALLEGATIONS

13.     On or about January 3, 2007, Corin was hired as Cintas Partner No. 1162840. His job duties included, but were not limited to, to outside and inside sales and solicitation of customers

and accounts, involving the rental and sales of uniforms and accessories to large and small businesses located in Northern California.   Corin's duties primarily involved outside sales. He was required to report to Joe Staron, the Cintas Sales Manager, and to Paul Primerano, the Cintas Sales Director, who were his supervisors. Corin did not supervise other employees, nor was he responsible for hiring or firing other employees. He was not an exempt employee under the FLSA, and/or under the California Labor Code.

14.    He was provided a Cintas Corporate employment handbook, which was entitled "Cintas  Corporation Partner Reference Guide. This was part of his written employment agreement and contract with Cintas.  Said publication stated, *inter alia* that:

(a)    Cintas is a company of high values and moral principles;

(b)    Cintas' principal objective is to maximize the long-term value of Cintas for our shareholders and working partners by exceeding our customer's expectations;

(c)    The Cintas supporting objective (philosophy) for its "partners" is to create a working environment that provides for job interest, job security, pay levels and promotions in order to attract and retain the most capable and talented "partner" second to no other company;

(d)    Cintas is dedicated to making the fullest use of the partner, fostering a sense of accomplishment, providing training and development, promoting from within the organization and recognizing and rewarding individuals fairly in proportion to their performance;

(e)    Cintas is professional in everything its does, inside and outside the company;

(f)    Cintas is dedicated to hiring and promoting "partners" based only on demonstrated ability, experience and training;

(g)    Cintas views its "people" as partners, not just employees;

(h)    Cintas is honest, it does not cheat its partners or customers;

(i)    Cintas is ethical, and no member of Cintas should do anything unethical; and

(j)    Cintas complies with governmental laws and regulations.

15.     Corin relied upon these promises and statements made by Cintas, and worked very hard at his "partner" position.  Corin believed in these written statements and in the Cintas corporate philosophy articulated to him when he become a Cintas "partner." He was fraudulently induced to become a "Partner" because of these promises, corporate statements and advertised corporate policies, practices and philosophy.  These promises were in fact false, misleading and constituted unfair business practices and false advertising by Cintas.

16.     Corin always received positive reviews and evaluations in his employment with Cintas. He was given only one verbal warning (discipline) on or about July 14, 2008, which was for missing the "Achiever's Club" installation goal for the prior 4th quarter of 2007 by $272.00, and for not making enough "cold calls" per week.  This verbal warning was given by his direct supervisor, Joe Staron.  He was then orally told by Staron to start making 20 dials per hour.  Corin received no other verbal or written warnings or disciplines from Cintas.

17.     As part of Corin's dedication and hard work for his employer Cintas, he was able to obtain a substantial and major account with the Red Hawk Indian Casino, which was due to open early in late November – early December 2008.  This account generated large amounts of commissions and bonuses owed to Corin.

18.     On or about October 23, 2008, Cintas corporate employee Joe Staron told, promised and represented to Corin that he would be getting all of the commissions, bonuses and volume credit from the Red Hawk Indian Casino account, relating to the newly constructed Indian Casino in El Dorado Hills, California. Based upon these representations and statements by Joe Staron, Mr. Corin continued to work hard to facilitate the Red Hawk Indian Casino (hereafter "Red Hawk") account for the benefit of his employer. He had successfully obtained this account for Cintas.

19.     Thereafter, Corin requested that he be paid all of the Red Hawk account commissions, bonuses and volume credits; however, Joe Staron and other Cintas corporate employees, officers and managers retaliated against him, denied him his right to said sales commissions, bonuses, volume credits, lawful wages and other compensation from the Red Hawk Indian Casino account, as well as denying him payment of commissions due from sales on other accounts and customers, and then proceeded to unlawfully, wrongfully terminate him from his "Partners position" with Cintas.

20.     On or about November 19, 2008, Cintas corporate employee, officer and manager, Paul Primerano, Sales Director, called Mr. Corin into his office and orally told him that due to the current economic situation, Cintas had decided to eliminate Corin's position in the company. Said statements to Mr. Corin were pretextual and not the true reasons for his unlawful termination.  The real reason that Mr. Corin was terminated was that he requested and demanded that he be paid his lawfully earned wages, commissions, bonuses and other compensation from Cintas, and his termination was in violation of the public policy of the State of California and constituted retaliation under the Cal Fair Employment and Housing Act (hereafter "FEHA"). However, immediately thereafter Mr. Corin's position was filled by Joe Staron, who then proceeded to appropriate for his own account Mr. Corin's commissions, wages and bonuses from the previous sales made to Red Hawk Indian Casino by Corin.

21.     On or about November 21, 2008, Cintas wrongfully terminated Mr. Corin from his Partners' position, and thereafter refused to pay Corin all of his previously earned commissions, bonuses, earnings and wages.  Corin was not paid any of these wages within the 72 hour time period required under the California Labor Code. Thereafter, he was paid for some portions, but not all, of his commissions, bonuses, earnings and wages by several tardy partial payments. The last partial payment was not sent until March 19, 2009.  Corin has never been paid the full amount of his commissions, bonuses, earning and wages by Cintas. In addition, Corin has not been paid in full for other commissions, bonuses, earnings and wages from other accounts.

22.     Also, on November 21, 2008, Elizabeth Hall, the Human Resources Director for the Cintas Sacramento, California Office further orally represented and promised to Corin that "they [Cintas] would make this situation right."

23.     During the time that Corin worked for Cintas, he regularly worked more than forty (40) hours per work week, and more than eight (8) hours per work day, providing "Partner" position services, including both inside and outside sales, as well as administrative functions, to Cintas. These sales and services were made to private business, government entities, commercial facilities and to Indian Casinos, located in California, as well as to Cintas itself. The Defendants required, and/or were aware and knew, that Corin was working overtime, and they derived a significant benefit from the overtime worked by Corin. In addition, the Cintas Corporation Partner Reference Guide expressly

1  provided that "Partners" were, as a matter of corporate policy and practice,  routinely denied payment

2  for pre-shift work and post-shift "off-the-clock" overtime work in the amount of fourteen minutes for

3  every work day.  Corin was never paid for any overtime worked for Cintas, including this off-the-

4  clock overtime.

5       24.    The Cintas payroll, personnel records and sales records for Corin reflect that he was

6  not paid overtime compensation for hours worked in excess of the minimum threshold of forty hours

7  per work week, eight hours per work day, or other applicable thresholds for determining overtime

8  compensation, pursuant to 29 U.S.C. § 207 and the California Labor Code.

9       25.    The Cintas payroll records, personnel records and sales records for Corin reflect that

10  he earned commissions on sales prior to his wrongful termination, and he was not paid for these

11  commissions, earnings and bonuses. Further, he was not timely paid, within 72 hours in violation of

12  the California Labor Code, for his earnings, wages, bonuses and commissions after his wrongful

13  termination on November 21, 2008.

14       26.    Plaintiff Corin is informed and believes, and based thereon, alleges that Cintas willingly,

15  intentionally and knowingly failed to pay Corin overtime compensation due for hours worked in excess

16  of forty hours per work week, eight hours per work day, or other applicable threshold for determining

17  overtime compensation in violation of the FLSA and in violation of the California Labor Code.

18       27.    Corin was subjected to Cintas' common corporate practice, policy, and/or plan of

19  failing to compensate "Partners," such as the Corin,  for all hours worked and refusing to pay overtime

20  in violation of the FLSA and applicable California labor laws.

21       28.    Plaintiff Corin is informed and believes,  and based thereon, alleges that he was

22  retaliated against and discriminated against for requesting that he be paid all of his commissions,

23  bonuses, wages, earnings and volume credits due under the law, and that he was ultimately wrongfully

24  terminated from his "Partners" position with Cintas in retaliation for requesting that he be fully paid

25  for all of his wages, bonuses, commissions and compensation, as prescribed by law.

26  ///

27  ///

28  ///

## FIRST CLAIM FOR RELIEF
### Failure to Pay Overtime
### (Fair Labor Standards Act, 29 U.S.C. §201 et seq.)

29.     Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1-28, inclusive, and incorporates them herein by reference into his First Claim for Relief, as if set fully set forth.

30.     At all relevant times, Cintas has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," in an amount in excess of $500,000.00, within the meaning of the FLSA (29 U.S.C. § 203 et seq.). At all times relevant, Cintas employed Corin as Partner No. 1162840, in its Sacramento Corporation No. 2 Business Office, located at 1231 National Drive, Sacramento, CA 95834.

31.     Plaintiff Corin is a nonexempt employee entitled to be paid compensation for all hours worked, including overtime hours. The FLSA requires Cintas, as a covered employer, to compensate all nonexempt employees for all hours worked, and to compensate all nonexempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

32.     Defendant Cintas suffered and permitted Corin to perform hours of uncompensated work, including but not limited to work over and above 40 hours per week. Corin's work in excess of 8 hours per day and 40 hours per week was mandated and required by Cintas as part of Corin's job duties, and Cintas expressly as a matter of corporate policy and practices routinely excluded fourteen minutes of pre-shift and post-shift "off-the-clock" overtime from Corin for each day worked by Corin.

33.     Defendant Cintas received a substantial benefit from the work performed by Corin in excess of 40 hours per week. Defendant Cintas has violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§207(a)(1) and 215(a), by failing to pay Plaintiff Corin for all hours actually worked and by failing to pay Plaintiff Corin at least one-and-a-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing, willful and intentional within the meaning of 29 U.S.C. §201 et seq. and 29 C.F.R. § 785.47, entitling Corin to a three-year statute of limitations on his FLSA claims, if applicable.

34.     At all times herein mentioned, Defendant Cintas and its agents, officers and representatives were aware of their obligation to pay Corin overtime compensation for all hours

1  worked in excess of forty (40) hours per week, and they willing and knowingly violated the FLSA.

2      35.      As a result of Defendant Cintas' violations of law, Plaintiff Corin is entitled to recover

3  from Cintas under the FLSA the amount of his wages, commissions, volume credit, bonuses and

4  overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest,

5  attorneys' fees, litigation expenses and court costs, and such other legal and equitable relief as the

6  Court deems just and proper, pursuant to 29 U.S.C. § 216(b).

7

8                    **SECOND CLAIM FOR RELIEF**
                   **Failure to Pay Overtime Compensation**
9        **(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 511, 558, 1194, 1197)**

10      36.      Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1-35, inclusive, and

11  incorporates them by reference into his Second Claim for Relief, as if set forth fully herein.

12      37.      At all relevant times, defendants and Cintas, and each of them, were the "employer"

13  who directly or indirectly, or through an agent or any other person exercised control over the wages,

14  hours, or working conditions of Mr. Corin, and engaged, suffered or permitted the Plaintiff to work,

15  pursuant to Cal Wage Order No. 4-2001.

16      38.      California law, including Wage Order No. 4-2001, and the California Labor Code

17  §§ 510, 558, 1194, and 1197, required the defendants, Cintas, and each of them, to pay overtime

18  compensation to all non-exempt employees for all hours worked over forty (40) per week, or over

19  eight per day.

20      39.      To the extent applicable, defendants, Cintas and each of them may adopt a regularly

21  scheduled alternative workweek schedule whereby Plaintiff may work for no longer than 10 hours per

22  day within a 40-hour workweek without compensation at the overtime rate of pay pursuant to

23  California Labor Code § 511.

24      40.      Plaintiff is a nonexempt employee entitled to be paid proper compensation for all hours

25  worked, including overtime hours worked.

26      41.      During the California relevant time period, said defendants did not compensate the

27  Plaintiff for time spent working in excess of the forty (40) hours per week, eight (8) hours per day,

28  or applicable alternative workweek schedule in violation of California Wage Order No. 4-2001 and

1  California Labor Code §§ 510, 511 and 558, 1194, 1197.

2      42.     As a direct and proximate result of the wrongful and unlawful actions of said

3  Defendants, and each of them, Plaintiff Corin has sustained damages, including loss of earnings for

4  hours worked and for overtime hours worked on behalf of said defendants in an amount to be

5  established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to California laws,

6  statutes and other applicable wage orders.

7

8                          **THIRD CLAIM FOR RELIEF**
                       **For Failure to Pay Full Wages When Due**
9                      **(Labor Code § 200 et seq., §§ 1194, 1198, 1199)**

10     43.     Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 42, inclusive, and

11  incorporates them by reference into his Third Claim for Relief, as if set forth fully herein.

12     44.     By failing to compensate the Plaintiff for time worked, said defendant, Cintas and each

13  of them, have violated and continue to violate California Labor Code §§ 204, 1198 and 1199, which

14  mandate that employees be paid their full wages when due.

15     45.     By failing to compensate the Plaintiff, who is no longer working for said defendants,

16  they have willfully failed to make timely payment of the full wages due to its employees who quit or

17  have been discharged, in violation of California Labor Code §§ 201 and 202.

18     46.     Pursuant to California Labor Code § 1194, the Plaintiff is entitled to recover from the

19  defendants, and each of them, all unpaid wages, earnings, bonuses, commissions, volume credit and

20  other compensation to which he is entitled, together with pre- and post-judgment interest thereon and

21  reasonable attorneys' fees and costs incurred in prosecuting this action.

22     47.     Pursuant to California Labor Code § 203, the Plaintiff who was terminated by said

23  defendants, is further entitled to recover waiting time penalties from said defendants.

24

25                         **FOURTH CLAIM FOR RELIEF**
                    **For Failure to Adhere to California Record-Keeping Provisions**
26              **(Cal. Labor Code §§ 226, 1174, 1174.5, Cal Wage Order No. 4-2001)**

27     48.     Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 47, inclusive, and

28  incorporates them by reference into his Fourth Claim for Relief, as if set forth fully herein.

---

49.     Cintas and the other defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, total hours worked and overtime hours worked as required by California Labor Code § 226(a) and Cal Wage Order No. 4-2001. Such failure caused injury to the Plaintiff, by, among other things, impeding him from knowing the amount of wages to which he was entitled. At all times relevant herein, said defendants have failed to maintain records of all hours worked by the Plaintiff, as required under California Labor Code §1174(d).

50.     The Plaintiff is entitled to injunctive relief compelling the defendants to comply with California Labor Code §§ 226(a) and 1174(d), and to all actual and statutory damages available to the Plaintiff for these violations, under California Labor Code §§ 226(e) and 1174.5.

### FIFTH CLAIM FOR RELIEF
**Unfair Business Practices**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq.,)**

51.     Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 50, inclusive, and incorporates them by reference into his Fifth Claim for Relief, as if set forth fully herein.

52.     The conduct of said defendants, and each of them, as alleged herein, violates the California Unfair Competition Law (hereafter "UCL"), which is set forth in Cal Bus. & Prof. Code §17200 et seq.

53.     Plaintiff alleges that the unfair, unlawful and fraudulent business practices, including false advertising, complained of herein above are and were the regular business practices of said defendants.

54.     The defendants, Cintas and each of them, failed to pay legally required wages, commissions, volume credits, bonuses and other compensation to the Plaintiff, they failed to provide itemized statements of hours worked with payments of wages, they failed to pay wages when due, and engaged in the other conduct alleged herein, which has resulted in numerous violations of specific provisions of state and federal laws. Said defendants, and each of them, have engaged in, and continue to engage in said unlawful, unfair and fraudulent business practices in violation of the UCL, which has deprived Plaintiff and other employees of their rights, benefits, and privileges guaranteed under the law, and has caused the Plaintiff to suffer injury in fact and to lose money and property.

Complaint for Violations of the FLSA and California Law
-12-
*Corin v. Cintas Corp., et al.*
Eastern District of California

55.     Plaintiff is informed and believe, and based upon such information and belief allege, that by engaging in the unfair and unlawful business practices complained of herein, said defendants were able to lower their labor costs and to obtain a competitive advantage over law-abiding employers with whom Cintas competes in the market place.

56.     The harm to the Plaintiff in being wrongfully denied lawfully earned wages, commissions, bonuses, volume credits and other compensation outweighs the utility, if any, of said defendants' policies or practices, and as such, the Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

57.     California Business and Professions Code § 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for the defendants to continue to retain the Plaintiff's property, entitling the Plaintiff to restitution of the unfair benefits obtained and disgorgement of said defendants' ill-gotten gains.  The Plaintiff seeks restitution of all unpaid wages, commissions, bonuses, volume credits and other compensation owing to him, as well as all other available equitable relief.

58.     Injunctive relief pursuant to Cal. Business and Professions Code §17203 is necessary to prevent said defendants from continuing to engage in said unfair business practices. The defendants, and/or other persons acting in concert with said defendants, will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless they are restrained and enjoined by this Court. The Plaintiff has no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following:    (a) it is difficult to measure the amount of monetary damages that would compensate the Plaintiff for said defendants' wrongful acts under the UCL; and (b) pecuniary compensation alone would not afford adequate and complete relief. The defendants continuing violation of law (the UCL) will cause great and irreparable damage to the Plaintiff, the public and others similarly situated, unless said Defendants are immediately restrained from committing further such illegal acts.

59.     The Plaintiff herein had taken upon the enforcement of these laws and lawful claims, under the UCL. There is a financial burden incurred in pursuing this action. Therefore, the Plaintiff

---

1   seeks recovery of attorneys' fees and costs of this action to be paid by said Defendants, pursuant to

2   the UCL, under California Labor Code §§218, 218.5, and 1194, and as provided for by California

3   Code of Civil Procedure § 1021.5.

4

5                                  **SIXTH CLAIM FOR RELIEF**
                                   **(Breach of Written Contract)**

6

7         60.      Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 59, inclusive, and

8   incorporates them by reference into his Sixth Claim for Relief, as if set forth fully herein**.**

9         61.      The Plaintiff had a written employment contract with Cintas. [A copy of said

10  Agreement is attached hereto and marked as **Exhibit A** to the Complaint.]  Said Agreement was

11  entitled " Cintas Corporation – California Employment Agreement For Sales, Service and Marketing

12  Personnel." It was entered into on January 3, 2007. The Plaintiff's initial base annual salary was set

13  at $40,000.00. [See:  Letter dated December 28, 2006, a copy of which is attached hereto and marked

14  as **Exhibit B** to the Complaint.] The Defendant Cintas breached said Agreement by wrongfully

15  terminating the Plaintiff on November 21, 2008.

16        62.      Pursuant to the terms and conditions of said Agreement, Cintas was supposed to have

17  given Plaintiff two (2) weeks' prior written notice and/or paid him two (2) weeks of Plaintiff's base

18  salary instead of notice.  Cintas violated the Agreement and did not give Plaintiff two weeks' prior

19  notice and/or pay two weeks' base salary.  In addition, Plaintiff was to be provided up to one week

20  (40 hours) of vacation time after his first six months of employment, and two weeks of vacation time

21  per year after his first full year of employment. [**Exhibit B**, Item No. 1]  Plaintiff is informed and

22  believes and based thereon, alleges that Cintas failed to pay all accrued vacation time and failed to pay

23  the two weeks' salary in lieu of notice, thereby breaching said employment Agreement.

24        63.      Further, Cintas provided the Plaintiff with corporate employment policies, procedures,

25  rules and practices entitled "Cintas Corporation Partner Reference Guide." **[A copy** of which is

26  attached hereto and marked as **Exhibit C** to the Complaint] The Cintas Corporation Partner

27  Reference Guide constitutes part of the Plaintiff's employment Agreement with Defendant Cintas**.**

28  Pursuant to **Exhibit C,** Page 30, the Plaintiff's normal weekly work schedule is five days a week and

1 | eight hours a day. Further, said policy guide provides that "partners" (employees) may be required to
2 | work overtime, and that overtime pay is based on time and one-half for all hours worked over 40 per
3 | week. Normal working hours for "partners" is five days a week and eight hours a day. [**Exhibit C**,
4 | Page 30] The Defendant Cintas breached said Agreement by failing to pay Plaintiff overtime for hours
5 | worked in excess of eight per day and forty hours per week, as required by the Agreement.

6 |      64.    As a direct and proximate result of the aforementioned breaches of written contract
7 | and agreements, the Plaintiff has suffered pecuniary damages, including loss of wages, earnings,
8 | bonuses, commissions, overtime and accrued vacation time, according to proof.

9 |      65.    As a further direct and proximate result of the aforementioned breaches of written
10 | contract and agreements, the Plaintiff has suffered wrongful termination, including consequential
11 | damages for loss of job advancement opportunities,  loss of future earnings, commissions, bonuses and
12 | potential corporate profit-sharing with Defendant Cintas, and Plaintiff was subjected to the false
13 | advertising, corporate fraud and false promises, which induced him to accept employment with Cintas,
14 | all to his general damage, according to proof.

15 |
16 | **SEVENTH CLAIM FOR RELIEF**<br>**(Breach of Oral Contract)**
17 |

18 |      66.    Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 65, inclusive, and
19 | incorporates them by reference into his Seventh Claim for Relief, as if set forth fully herein**.**

20 |      67.    In addition to the written agreements, corporate polices, practices and procedures
21 | alleged herein above, as set forth in **Exhibits A, B and C** to this Complaint, Cintas and its officials,
22 | executives, supervisors, employees and agents made oral promises to the Plaintiff, on or about
23 | October 23, 2008, that he would received all the commissions from the Red Hawk Indian Casino
24 | account. His supervisor Joe Staron stated to Plaintiff and promised him that he would be getting all
25 | the commissions, bonuses and volume credit from the Red Hawk Indian Casino account, and also
26 | stated to Plaintiff that he would not have . . . "you [Plaintiff] doing all this for the account, if you
27 | weren't getting all of the credit for it."

28 |      68.    Based upon these oral promises and representations by Mr. Joe Staron, the Plaintiff

1  continued to work hard on the Red Hawk Indian Casino account and successfully procured, secured

2  and obtained this very large valuable account for Cintas. The Plaintiff relied to his detriment upon the

3  oral promises of this supervisor, manager and agent of Cintas in continuing to do this hard work on

4  the Red Hawk Indian Casino account for the benefit of Cintas.

5      69.     However, Cintas breached these oral promises and on or about November 19, 2008,

6  terminated Plaintiff from his "partners" position, and gave his position to his supervisor Joe Staron,

7  who proceed to take over the Red Hawk Indian Casino account and wrongfully appropriate the

8  bonuses, commissions and volume credits for his own personal account.

9      70.     In addition, on November 19, 2008, Plaintiff orally asked the Cintas Human Resources

10  Department about getting paid for all of the work that he did on the Red Hawk Indian Casino account,

11  and he was orally told by Elizabeth Santilli, Human Resources Director, that "we will make this right

12  by you."

13      71.     Plaintiff further relied upon these oral promises made by Elizabeth Santilli, who was

14  an agent and manager acting on behalf of Cintas; however, Cintas breached these oral promises and

15  agreements and proceeded to not fully pay Plaintiff for all of his commissions, wages, bonuses and

16  volume credit for the Red Hawk Indian Casino account. In addition, the portion of the commissions

17  and compensation that were eventually paid to Plaintiff from the Red Hawk Indian Casino account,

18  as well as from other accounts, were not timely paid to Plaintiff on November 21, 2008, his

19  termination date, or within 72 hours of November 21, 2008, and as such, Plaintiff is entitled to waiting

20  time penalties, under the California Labor Code, according to proof.

21      72.     As a direct and proximate result of the breaches of these oral promises and resulting

22  employment agreement, the Plaintiff has suffered compensatory damages, including loss of earnings,

23  bonuses, wages, commissions, volume credit and other consequential damages, including statutory

24  penalties, according to proof.

25

26                          **EIGHTH CLAIM FOR RELIEF**
                                  **(Retaliation )**

27

28      73.     Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 72, inclusive, and

---

1   incorporates them by reference into his Eighth Claim for Relief, as if set forth fully herein.

2         74.    On or about October 23, 2008, Plaintiff requested that his employer Cintas pay all his

3   commissions, wages, bonuses and volume credits from this work on the Red Hawk Indian Casino

4   account.  On October 23, 2008, Plaintiff was promised that he would be paid all of this compensation

5   by Joe Staron, Cintas Sales Manager; however, instead of honoring this promise and paying the

6   commissions and other compensation, Cintas acting through Paul Primerano, Sales Director,

7   terminated Plaintiff from his "partners" position on or about November 19, 2008. Plaintiff was given

8   a pretextual reason for his termination, with Cintas stating that his employment was ended as a result

9   of a reduction in force and not due to any fault of the Plaintiff. [Memorandum dated November 19,

10   2008, which is marked as **Exhibit D** to the Complaint, and incorporated herein by reference, as if set

11   forth in full.]

12         75.    On or about November 19, 2008, Plaintiff was further promised by Elizabeth Santilli,

13   Human Resources Director, at the Sacramento Cintas Office, that Cintas would "make this right by

14   the Plaintiff," and he understood this statement to mean that he would be paid in full for all of the Red

15   Hawk Indian Casino account commissions, bonuses, volume credit, wages and earnings.

16         76.    The Plaintiff's termination was actually done in retaliation for the Plaintiff requesting

17   and demanding that he be paid his wages, commissions, bonuses and other legally owed compensation,

18   under the California Labor Code and the FLSA. This was illegal and unlawful under the California Fair

19   Employment and Housing Act, California Government Code § 12900 et seq. (hereafter "FEHA") and

20   other provisions of California law. It was also illegal and unlawful retaliation under the provisions of

21   the FLSA, pursuant to 29 U.S.C. § 215(a)(3)

22         77.    The Plaintiff has exhausted his administrative remedies. He filed a Complaint with the

23   California Fair Employment and Housing Department (hereafter "DFEH"). The Plaintiff received a

24   Right to Sue Letter from the DFEH on or about May 8, 2009. [Copies of the DFEH Complaint and

25   the Right to Sue Letter are attached hereto and marked as **Exhibit E** to this Complaint, and

26   incorporated herein by reference, as if set forth in full.]

27         78.    As a direct and proximate result of the illegal and unlawful retaliation by Cintas and

28   its agents, officials, officers and managers (hereafter "Cintas') against the Plaintiff, he has suffered loss

1  of wages, commissions, bonuses and other compensatory damages, according to proof.

2       79.    As a further and proximate result of the illegal and unlawful retaliation by Cintas

3  against the Plaintiff, he has suffered future wage loss and loss of benefits and employment

4  opportunities, according to proof.

5       80.    As a further and proximate result of the illegal and unlawful retaliation by Cintas

6  against the Plaintiff, he has suffered actual general, punitive and statutory damages, including

7  emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and

8  other non-pecuniary damages, and is also entitled to the recovery of attorneys fees and costs, under

9  FEHA, according to proof.

10       81.    Furthermore, as a proximate result of the foregoing unlawful, discriminatory and

11  retaliatory discharge in violation of the provisions of the FLSA, the Plaintiff is entitled to damages for

12  back pay, commissions, bonuses and overtime compensation, liquidated damages  and reasonable

13  attorney's fees, pursuant to 29 U.S.C. § 216(b), according to proof.

14

15                          **NINTH CLAIM FOR RELIEF**
              **(Wrongful Termination in Violation of Public Policy)**

16

17       82.    Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 81, inclusive, and

18  incorporates them by reference into his Ninth Claim for Relief, as if set forth fully herein.

19       83.    Cintas terminated Plaintiff in violation of the public policy of California and the FLSA

20  for exercising his right requesting and demanding payment of his wages, commissions, bonuses,

21  earnings credit volumes and other compensation and benefits. Cintas' stated reason for terminating

22  the Plaintiff was pretextual, and was not the true reason for his termination, which was done in

23  violation of public policy. **[Exhibits D and E to the Complaint]** The Plaintiff was in fact terminated

24  for requesting that he be properly paid all of his "wages," which includes his commissions and

25  bonuses.  Under California Labor Code § 200, "wages" includes all amounts for labor performed by

26  employees of every description, whether the amount is fixed or ascertained by the standard of time,

27  task, piece, *commission basis*, or other method of calculation. Likewise, commissions are included

28  in the total compensation paid to an employee for purposes of determining the regular rate and must

---

be included in the calculation of total wages paid to an employee under the FLSA, pursuant to 29 C.F.R. §§ 778.117 and 778.122.

84.     Further, the Plaintiff was wrongfully terminated in violation of California Labor Code §§ 98.6 and 1102.5, which prohibit the discharge of or discrimination against any employee who has filed a complaint, claim, or instituted any proceeding relating to the employee's rights under the California Labor Code.

85.     As a direct and proximate result of Cintas' unlawful conduct and wrongful termination of the Plaintiff in violation of public policy alleged herein, the Plaintiff has suffered compensatory damages including loss of wages, salaries, bonuses, commissions and other employee benefits, according to proof.

86.     As a further and proximate result of Cintas' unlawful conduct and wrongful termination of the Plaintiff in violation of public policy alleged herein, the Plaintiff has suffered future wage loss and loss of benefits and employment opportunities, according to proof.

87.     As a further direct and proximate result of Cintas' unlawful conduct and wrongful termination of the Plaintiff in violation of public policy alleged herein, the Plaintiff has suffered general, punitive and statutory damages, including emotional distress, pain and suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life and other non-pecuniary damages, and is also entitled to the recovery of attorneys fees and costs, under the California Labor Code and the FLSA.

88.     Further, said discriminatory acts and wrongful conduct were committed by Cintas, and its officers, directors and/or managing agents, who acted with malice, oppression and/or fraud and said acts were deliberate, wilful and intentional in conscious disregard of the rights of the Plaintiff, entitling the Plaintiff to an award of punitive damages against Cintas and its officers, directors and/or managing agents in order to deter them from such conduct in the future.

### TENTH CLAIM FOR RELIEF
#### (Intentional Infliction of Emotional Distress)

89.     Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 88, inclusive, and

---

1 incorporates them by reference into his Tenth Claim for Relief, as if set forth fully herein.

2      90.     The actions of the Defendants and each of them as described throughout this

3 Complaint, including but not limited to, violations of the FLSA, violations of the California Labor

4 Code and Wage Orders, the wrongful termination of the Plaintiff in violation of public policy, the

5 retaliation committed against the Plaintiff for requesting his lawfully owed "wages," and the unlawful

6 and fraudulent business practices committed by said Defendants, were extreme and outrageous

7 conduct, beyond the bounds of common decency and intentional conduct engaged in with a conscious

8 disregard of the probability of causing severe emotional distress to the Plaintiff.

9      91.     Said actions and conduct of the Defendants, and each of them, as herein described

10 were malicious and were intended to cause injury to the Plaintiff's rights, were oppressive subjecting

11 the Plaintiff to cruel and unjust hardship, and were fraudulent and deceitful, depriving the Plaintiff

12 of his property and legal rights, all in violation of California Civil Code § 3294, entitling the Plaintiff

13 to exemplary damages.

14      92.     Further, said acts and conduct of the Defendants, and each of them, were carried out

15 by and /or ratified by directors, officers and/or managing agents of Cintas. Said corporate employer

16 had advanced knowledge of said acts and conduct, and it sanctioned said acts and wrongful conduct

17 through its corporate policies, procedures and employment practices, and it authorized and ratified

18 said oppressive, fraudulent and malicious acts.

19      93.     As a direct and proximate result of said wrongful acts and conduct of the Defendants,

20 and each of them, the Plaintiff has sustained severe emotional upset, pain and suffering, other

21 compensatory and consequential damages, and punitive damages, according to proof.

22

23 **<u>ELEVENTH CLAIM FOR RELIEF</u>**
**(Fraud and Fraudulent Inducement)**

24

25      94.     Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 93, inclusive, and

26 incorporates them by reference into his Eleventh Claim for Relief, as if set forth fully herein.

27      95.     The Defendants and in particular, Joe Staron, Sales Manager, with the consent,

28 approval and ratification of Paul Primerano, Sales Director, and the consent, approval and ratification

1  of the Human Resources Director, Elizabeth Santilli, intentionally and with the intent to deceive the

2  Plaintiff, did the acts alleged herein, which resulted in the Plaintiff being deprived and defrauded out

3  of his wages, bonuses, commission, volume credit and other compensation and benefits.  On or about

4  October 23, 2008, the Plaintiff was promised by Joe Staron, Sales Manager, that he would receive

5  all of the commissions and bonuses from the Red Hawk Indian Casino account. The Plaintiff relied

6  upon this promise and misrepresentation and continued to work hard on the Red Hawk Indian Casino

7  account, fully expecting to receive all of these commissions and bonuses.   Then, on or about

8  November 19, 2008 the Plaintiff was told by Paul Primerano, Sales Director, that his position with

9  Cintas was being eliminated, and thereafter Mr. Joe Staron immediately took over the Red Hawk

10 Indian Casino account and appropriated the commissions, bonuses and volume credits for his own

11 personal account. The Plaintiff's position was not in fact eliminated, only taken by his supervisor, Joe

12 Staron, for his own account. On or about November 19, 2008, he asked the Human Resources

13 Director, Elizabeth Santilli, about being paid for all of the work that he did on the Red Hawk Indian

14 Casino account, and Santilli promised him that Cintas would make good on the Red Hawk Indian

15 Casino account promises, commissions and bonuses; however, this was also a false promise and

16 misrepresentation, and the commissions and bonuses were in fact paid over to Joe Staron and never

17 fully paid to Plaintiff.

18         96.      In addition, the Defendant Cintas through its officers, directors, managers and

19 officials, engaged in false advertising, false promises and misrepresentations in its Cintas Corporation

20 Partner Reference Guide (**Exhibit C** to the Complaint), and which have been set forth above in the

21 Complaint, which induced the Plaintiff to agree to employment as a "Partner" with Cintas. These

22 various promises, corporate philosophies, statements and advertised corporate practices were in fact

23 false and misleading, and the Plaintiff relied upon these promises, corporate philosophies, statements

24 and advertised corporate practices, to his detriment by accepting employment with Cintas, and he was

25 thereafter wrongfully terminated from his "Partner" position with Cintas in violation of said written

26 promises, corporate philosophies, statements and advertised corporate practices, all to his damage

27 according to proof.

28         97.      As a direct and proximate result of the fraud, deceit and misrepresentations of the

Defendants, and each of them, the Plaintiff has suffered pecuniary damages, including loss of wages, commissions, bonuses, wages, employee benefits and other compensation according to proof.

98.     As a further direct and proximate result of the fraud, deceit, false advertising and misrepresentations of the Defendants, and each of them, the Plaintiff has suffered general and consequential damages according to proof.

99.     As a further direct and proximate result of the fraud, deceit, false advertising and misrepresentations of the Defendants, and each of them, the Plaintiff is entitled to an award of punitive damages to punish the Defendants for their fraudulent conduct and in order to deter Defendants from engaging in such further and similar conduct in the future.

## TWELFTH CLAIM FOR RELIEF
### (Conversion)

100.     Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1–99, inclusive, and incorporates them by reference into his Twelfth Claim for Relief, as if set forth fully herein.

101.     The Defendants, and each of them, including Joe Staron, Sales Manager, Paul Primerano, Sales Director, and Elizabeth Santilli, Human Resources Director, have wrongfully converted and exercised hostile dominion over the property, wages, commissions, bonuses, other compensation and employment benefits rightfully belonging to the Plaintiff. They have misappropriated these employment benefits to their own accounts. They have permanently deprived Plaintiff of said property, wages, commissions, bonuses, other compensation and employment benefits, and they have refused to restore and to return said property to the Plaintiff.

102.     As a further direct and proximate result of the wrongful acts of said Defendants, the Plaintiff has suffered pecuniary damages, including loss of wages, commissions, bonuses, volume credits and other consequential damages, according to proof.

103.     As a further direct and proximate result of the wrongful acts of said Defendants, the Plaintiff has also suffered general damages in an amount, according to proof.

///

///

## THIRTEENTH CLAIM FOR RELIEF
### (Unjust Enrichment)

104.    Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 103, inclusive, and incorporates them by reference into his Thirteenth Claim for Relief, as if set forth fully herein.

105.    The Defendants, and each of them, have been unjustly enriched by the misappropriation and conversion of the Plaintiff's property, wages, commissions, bonuses, other compensation and employment benefits, which rightfully belong to the Plaintiff, and the Plaintiff is entitled to restitution of all property, wages, commissions, bonuses, other compensation and employment benefits, according to proof.

106.    As a further direct and proximate result of the wrongful acts of said Defendants, the Plaintiff has suffered pecuniary damages, including loss of wages, commissions, bonuses, volume credits and other consequential damages, according to proof.

107.    As an additional further direct and proximate result of the wrongful acts of said Defendants, the Plaintiff has suffered general damages in an amount, according to proof.

## FOURTEENTH CLAIM FOR RELIEF
### (Injunctive Relief)

108.    Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1– 107, inclusive, and incorporates them by reference into his Fourteenth Claim for Relief, as if set forth fully herein.

109.    In addition, the Plaintiff was provided a Cintas credit card, which was issued in Plaintiff's name, for use in his employment with Cintas and for the benefit of Cintas. This business credit card was provided to Plaintiff to use in his employment with Cintas.  This was not Plaintiff's personal and/or private credit card account.  Upon the proper submission of charges incurred on said credit card for the benefit of his employer, Cintas promised to pay said business credit card charges and expenses each month.  Cintas has refused to timely pay said account with PNC Bank, Account No. 4398-8200-0159-9482, although demand was made upon Cintas by the Plaintiff. This was a part of the Plaintiff's employment agreement, and a corporate obligation of Cintas, which it had promised to timely pay each month, and which it has failed to do, resulting in damages to the Plaintiff.

110.   Based upon information and belief, and alleged thereon, the actions and wrongful conduct of Defendants, and each of them, were also done in violation of applicable state and federal credit reporting acts and statutes, entitling the Plaintiff to statutory damages, penalties and attorneys fees and costs, according to proof.

111.   As a direct and proximate result of these wrongful acts and breach of the Plaintiff's employment agreements with Cintas, the Plaintiff has been charged late fees and interest by said PNC Bank, and it has demanded personal and individual payment of said account by the Plaintiff, in an amount according to proof.

112.   As a further direct and proximate result of these wrongful acts and breach of Plaintiff's employment agreement with Cintas, including said PNC Bank credit card account, the Plaintiff's credit records and credit score(s) have been adversely impacted and damaged, accordingly to proof.

113.   As a further direct and proximate result of these wrongful acts, the Plaintiff is entitled to equitable and injunctive relief against Cintas, requiring it to pay said PNC Bank credit card account, to correct and cure all negative credit references in Plaintiff's credit file with PNC Bank, and to have all negative credit references relating to the Plaintiff, as a result of the PNC Bank credit card account, immediately removed from all applicable major credit reporting agencies.  The Plaintiff has no other plain, speedy or adequate remedy at law.

114.   As a further direct and proximate result of these wrongful acts of the Defendants, and each of them, the Plaintiff has suffered general, pecuniary, consequential, and compensatory damages, according to proof.

115.   As a further direct and proximate result of said wrongful acts, which were done intentionally, willfully, maliciously and in conscious disregard of the Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages to punish the Defendants for their malicious conduct and to deter Defendants from such further and similar conduct in the future.


**FIFTEENTH CLAIM FOR RELIEF**
**For Private Attorneys General Act Claims**
**(Cal. Labor Code § 2698 et seq.)**

116.   Plaintiff re-alleges each allegation contained in Paragraphs Nos. 1–115, inclusive, and

1    incorporates them by reference into his Fifteenth Claim for Relief, as if set forth fully herein.

2         117.   The Plaintiff has complied with the notice requirements of submitting a California

3    Private Attorneys General Act claim (hereafter "PAGA"), pursuant to Cal. Labor Code § 2699.3(a).

4    A copy of said PAGA claim notice is attached hereto and marked as **Exhibit F** to the Complaint, and

5    incorporated herein by reference as if set forth in full.

6         118.   The Plaintiff has alleged violations of California Labor Code §§ 201, 202, 204, 226,

7    510, 511, 1174, 1194, 1198, 1198.5, 1199, and 2699(f) and (g), including Defendants' failure to

8    provide personnel records and inspection of Corin's personnel file.  Corin is entitled to various

9    statutory penalties, costs and attorneys fees.  He has also alleged violation of California Wage Order

10   No. 4-2001.  (**Exhibit F** to the Complaint)

11        119.   The Plaintiff is entitled to civil penalties for violations of provisions of the  California

12   Labor Code sections,  for which a statutory civil penalty is not already provided, and he is further

13   entitled to an award of attorney's fees and costs to an employee who prevails in an action brought

14   under California Labor Code § 2698 et seq., which are to be divided between the aggrieved employee

15   and the California Labor and Workforce Development Agency, under Cal. Labor Code § 2699(I).

16        120.   As a direct and proximate result of the Defendants' violation of the California Labor

17   Code, as set forth herein and in Plaintiff's PAGA claim, **Exhibit F** to the Complaint, the Plaintiff is

18   entitled to civil penalties, attorneys fees and costs according to proof.

19

20   WHEREFORE, Plaintiff prays for relief as follows:

21        1.     For recovery of unpaid overtime compensation, wages and interest thereon, plus an

22   equal amount of liquidated damages under the FLSA, pursuant to 29 USC § 216(b), according to

23   proof;

24        2.     For a determination that Defendants' conduct was reckless and/or intentional,

25   knowing, and willful violations of the FLSA, entitling the Plaintiff to recover damages for the three

26   years prior to the filing of the complaint, if applicable;

27        3.     For an award of reasonable attorneys fees and costs under the FLSA, pursuant to 29

28   U.S.C. § 216(b);

---

1      4.    For an award of damages in the amount of unpaid overtime compensation, wages,

2  liquidated damages, and interest, including prejudgment interest, under California law;

3      5.    For all civil and statutory penalties authorized under California Labor Code §§ 226,

4  226.3, 558, 1174.5, 1199 and other applicable laws;

5      6.    For waiting time penalties under the California Labor Code;

6      7.    For all statutory penalties under the California Labor Code for failure to keep proper

7  wage and payroll records;

8      8.    For an award of reasonable attorneys fees and costs, under the California Labor Code

9  §§ 218.5, 226(e), 1194 and California Code of Civil Procedure § 1021.5, and any other applicable

10  California state laws;

11      9.    For penalties and damages, including attorneys fees and costs, for violations of the

12  California Business and Professions Code § 17200 et seq.;

13      10.   For breach of written and oral contracts, including consequential damages, for loss

14  of all unpaid commissions, bonuses, earnings, wages and employment benefits, according to proof;

15      11.   For general and compensatory damages for wrongful termination in violation of public

16  policy under the FLSA and California law, including punitive damages, according to proof;

17      12.   For general and statutory damages, including emotional distress, for wrongful

18  termination and retaliation under FEHA;

19      13.   For general, compensatory and punitive damages for fraud, deceit, false advertising

20  and misrepresentation by the Defendants, and each of them, according to proof;

21      14.   For general and compensatory damages for the conversion of Plaintiff's personal

22  property, including commissions, bonuses, earnings, wages and employee benefits;

23      15.   For restitution of all commissions, bonuses, earnings, wages and employee benefits

24  wrongfully misappropriated and withheld from the Plaintiff by the Defendants, and each of them,

25  according to proof;

26      16.   For general compensatory and consequential damages and equitable relief for unjust

27  enrichment, according to proof;

28      17.   For general damages for the intentional infliction of emotional distress by the

1   Defendants, and each of them, according to proof;

2       18.    For general and consequential damages for damaging the Plaintiff's credit rating,

3   according to proof;

4       19.    For injunctive relief ordering Cintas Corporation to correct, pay and rehabilitate

5   Plaintiff's credit account, credit rating(s) and to pay all PNC Bank N.A. Visa Account balances;

6       20.    For other injunctive and equitable relief as the Court may deem just and proper.

7       21.    For costs incurred as a result of this proceeding; and

8       22.    For such other and further relief as the Court deems just and proper.

9

10  **JURY DEMAND**

11  The Plaintiff hereby demands a jury trial on all issues triable of right by jury.

12

13  Dated:   August 25, 2009        **MASTAGNI, HOLSTEDT,  AMICK**
                                              **MILLER & JOHNSEN**

14

15                                  By:   /s/ James B. Carr

16                                      James B. Carr
                                    jcarr@mastagni.com

17                                      Attorney for Plaintiff
                                    Benjamin C. Corin

18

19

20

21

22

23

24

25

26

27

28