UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BENJAMIN CORIN, an individual,

        NO. CIV. S-09-2384 FCD/KJM

    Plaintiff,

  v.                         MEMORANDUM AND ORDER

CINTAS CORPORATION, CINTAS
CORPORATE SERVICES, INC.,
CINTAS CORPORATION NO. 2, PAUL
PRIMERANO, JOE STARON, and
ELIZABETH HALL,

    Defendants.

----oo0oo----

This matter is before the court on defendants Cintas Corporation, Cintas Corporate Services, Inc., Cintas Coporation No. 2, Paul Primerano, Joe Staron and Elizabeth Santilli's[1] (collectively, "defendants") motion to dismiss, or alternatively stay, this action pending arbitration.[2] Defendants move for an

---

[1] Elizabeth Santilli is erroneously sued as Elizabeth Hall.

[2] Defendant Cintas Corporation No. 2 filed the instant motion, as at that time it was the only defendant who had been served. Subsequently, the other named defendants joined in the

1

1  order compelling plaintiff Benjamin Corin ("plaintiff") to submit
2  his claims to arbitration pursuant to the terms of an Employment
3  Agreement plaintiff entered with defendant companies upon the
4  commencement of his employment.[3]  In this action, plaintiff
5  alleges various claims relating to his employment with defendants
6  and the ultimate termination of his employment by defendants.[4]
7  Defendants contend all of plaintiff's claims are subject to the
8  arbitration provision contained in plaintiff's Employment
9  Agreement.

10     Plaintiff opposes the motion, arguing in the first instance,
11 that defendants have waived their right to compel arbitration by
12 refusing to meet and confer in good faith with plaintiff before
13 demanding arbitration; plaintiff maintains that the Employment
14 Agreement specifically requires that a party meet and confer to
15 attempt to resolve any disputes informally before demanding
16 arbitration, and defendants did not do so.  Alternatively,
17 plaintiff argues (1) the Employment Agreement's arbitration
18 clause is unenforceable as procedurally and substantively
19 unconscionable; (2) the individual defendants, as non-signatories

---

motion.  (See Joinder, filed Nov. 6, 2009.)

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[4] Plaintiff's complaint alleges fifteen claims for relief, including claims for violation of the Fair Labor Standards Act and the California Labor Code and Unfair Business Practices Act, relating to the payment of plaintiff's wages, as well as claims for breach of written and oral contracts, retaliation, wrongful termination, intentional infliction of emotional distress, fraud, conversion, unjust enrichment, injunctive relief and violation of California's Private Attorney General Act.  (Compl., filed Aug. 25, 2009.)

2

to the Agreement, cannot compel arbitration; and (3) certain of plaintiff's claims are not covered by the arbitration provision.

For the reasons set forth below, the court DENIES defendants' motion on the ground the Agreement's arbitration provision is procedurally and substantively unconscionable. Because the court reaches this finding, it need not consider plaintiff's alternative arguments with respect to the individual defendants' ability to compel arbitration and the scope of the arbitration clause.

**BACKGROUND**

Defendant Cintas Corporation[5] ("Cintas") provides uniforms and other supplies to businesses, persons and organizations throughout California and the United States. (Compl., ¶ 9.) Plaintiff was employed by Cintas as a Uniform Sales Associate from approximately January 3, 2007 to November 21, 2008, when he was terminated by Cintas. (Id. at ¶s 8, 20-21.) Plaintiff's job duties included outside and inside sales and solicitation of customers and accounts, involving the rental and sales of uniforms and accessories to large and small businesses located in Northern California. (Id. at ¶ 13.)

On the first day of his employment, plaintiff was asked to sign the subject Employment Agreement, a standardized Cintas' contract. (Corin Decl., filed Nov. 24, 2009, ¶s 11-14.) Said

---

[5] Cintas Coporation is the parent corporation of its subsidiaries Cintas Corporation No. 2 and Cintas Corporate Services, Inc. Defendants Paul Primerano, Joe Staron and Elizabeth Santilli are employees of Cintas. Primerano, the Cintas Sales Director, and Staron, the Cintas Sales Manager, were plaintiff's supervisors. (Compl., ¶ 13.) Santilli is the Human Resources Director at Cintas' corporate office in Sacramento, California. (Id. at ¶ 12.)

3

1  Agreement contained an arbitration clause providing that the
2  parties agreed that should any dispute or difference arise
3  between them relating to plaintiff's employment with defendants,
4  "either party [agrees] to pursue [such] a claim against the other
5  party . . . through impartial and confidential arbitration,"
6  conducted pursuant to the Federal Arbitration Act ("FAA") and
7  other relevant federal and state laws.  (Compl., Ex. A at § 8.)
8  Plaintiff states he was presented with the Agreement among a
9  stack of documents approximately one inch thick, which included
10 tax and health and safety related documents.  (Corin Decl. at ¶s
11 5-6.)  Plaintiff attests that he understood the contract was a
12 "take it or leave it" document in that he had no choice but to
13 either the accept the contract as written by Cintas or not take
14 the job.  (Id. at ¶ 14.)  Plaintiff states he was told that he
15 had to sign the documents before his first day of orientation and
16 training could proceed.  (Id. at ¶ 11.)

17     Plaintiff asserts that Cintas' Human Resources Manager,
18 Jacqueline Mack ("Mack"), who provided him the documents, was not
19 available to answer questions, and she did not point out the
20 arbitration provision or otherwise explain the documents to
21 plaintiff.  (Id. at ¶ 8.)  Mack disputes plaintiff's testimony,
22 stating in her declaration filed in support of the motion, that
23 she provided plaintiff time to review the Agreement and asked him
24 whether he had any questions and he responded that he did not.
25 (Mack Decl, filed Dec. 4, 2009, ¶ 3.)  Ultimately, plaintiff
26 signed the documents and submitted them to Mack; plaintiff states
27 he never received a copy of the documents, including the
28 Employment Agreement.  (Corin Decl., ¶ 15.)

4

     Prior to November 19, 2008, plaintiff alleges he made various demands to Cintas to pay certain wages, commissions and bonuses which plaintiff claimed he was legally entitled. (Compl., ¶s 18-20.)  Plaintiff alleges he was terminated by defendants in retaliation for his assertion of the legal right to said monies.  (Id. at ¶ 21.)

     Plaintiff retained the law firm of Mastagni, Holstedt, Amick, Miller & Johnson to represent him.  (Carr Decl., filed Nov. 24, 2009, ¶ 2.)  On March 5, 2009, plaintiff's counsel wrote to Cintas' Chief Executive Officer and Human Resources Department outlining plaintiff's claims against defendants and requesting that the parties meet and confer to facilitate an immediate resolution of plaintiff's claims.  (Id. at ¶ 4, Ex. A.)  Cintas did not respond in writing, but plaintiff's counsel subsequently received a telephone message from a Mr. Max Langenkamp who indicated he was calling with respect to plaintiff's claims. (Id. at ¶ 5.)  On March 25, 2009, plaintiff's counsel spoke with Mr. Langenkamp, who is Senior Legal Counsel for Cintas.  (Id. at ¶ 6.)  During that conversation, Mr. Lagenkamp agreed to provide plaintiff's counsel with copies of plaintiff's wages, accounts and other records relating to plaintiff's earnings and employment with Cintas.  However, Cintas did not subsequently provide the documents.  (Id. at ¶ 7.)

     On June 2, 2009, plaintiff's counsel sent a follow-up letter to Mr. Lagenkamp requesting that Cintas meet and confer in good faith with respect to plaintiff's claims and produce the documents promised on March 25.  (Id. at ¶ 8, Ex. B.)  By separate letter of June 2, plaintiff's counsel also notified

5

1  Cintas of the "Right to Sue Notice" plaintiff received with
2  respect to his complaint filed with the California Fair
3  Employment and Housing Department ("DFEH"). (Id. at ¶ 10, Ex.
4  C.) Cintas did not respond to either letter. (Id. at ¶s 9-10.)
5      On August 4, 2009, plaintiff's counsel sent a written
6  request to Cintas for plaintiff's personnel file, payroll records
7  and accounting records, relating to his wages, commissions,
8  salary and employment at Cintas. (Id. at ¶ 11, Ex. D.) Also on
9  August 4, plaintiff's counsel sent copies of plaintiff's Notice
10 of Private Attorney General Act Claim filed that day with the
11 California Division of Occupational Safety and Health, Labor and
12 Workforce Development Agency. (Id. at ¶ 12, Ex. F.) Plaintiff
13 thereafter received permission to act as a private attorney
14 general under the Act. (Id. at ¶ 12.)
15     On August 25, 2009, plaintiff filed the instant complaint.
16 On August 26, 2009, defendants' counsel sent plaintiff's counsel
17 a letter, enclosing plaintiff's personnel file. (Id. at Ex. E.)
18 Thereafter, on September 2, 2009, defendants' counsel sent a
19 letter to plaintiff demanding that plaintiff submit his claims to
20 arbitration pursuant to the terms of the Employment Agreement.
21 (Id. at ¶ 16, Ex. H.) Plaintiff's counsel responded that before
22 any such demand could be made, the Employment Agreement required
23 that the parties meet and confer in good faith. (Id. at ¶ 17,
24 Ex. I.) Plaintiff's counsel cited the Employment Agreement,
25 which provides in pertinent part:

26      Should any dispute or difference arise between Employee
        and Employer . . . the parties will confer and attempt
27      in good faith to resolve promptly such dispute or
        difference . . . If any dispute or difference remains
28      unresolved after the parties have conferred in good faith,

6

> either party . . . will submit to the other party a written request to have such claim, dispute or difference resolved through impartial and confidential arbitration.

(Id. at Ex. G, Employment Agreement, § 8.) Plaintiff's counsel reiterated that he had requested defendants meet and confer on the issues but defendants ignored the request, and now, pursuant to the terms of the Agreement, defendants had waived any right to demand arbitration of plaintiff's claims. (Id. at ¶s 17-18.)

By this motion, defendants move to compel arbitration of plaintiff's claims and to dismiss or stay these proceedings pending the arbitration.

## STANDARD

Employment contracts are governed by the FAA. 9 U.S.C. § 1 *et seq*; Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 269 (1995). Questions concerning the interpretation and enforceability of arbitration agreements subject to the FAA are determined by federal standards. Moses H. Cone Memorial Hosp. v. Mercury Constr., 460 U.S. 1, 22-24 (1983); see Slaughter v. Stewart Enters., Inc., 2007 WL 2255221, at *2 (N.D. Cal. Aug. 3, 2007) ("Federal substantive law governs the question of arbitrability."). However, courts apply ordinary state law contract principles in deciding whether the parties agreed to arbitrate a particular dispute in the first place.[6] First

---

[6] Here, the Employment Agreement provides that it shall be governed and enforced according to the substantive law of the State of Ohio. However, in moving to compel arbitration, defendants cite federal and *California* law. Accordingly, the court analyzes the motion pursuant to that law. See Nagrampa v. Mailcoups, Inc., 469 F.3d 1257, 1267 (9th Cir. 2006) (finding a waiver of the right to rely on the choice of law provision in the contract because although it provided "that the governing law is that of the State of Massachusetts, both parties have proceeded throughout the district court and on appeal on the assumption

7

Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

In ruling on a petition to compel arbitration, the court's inquiry is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). If the finding is affirmative on both counts, then the FAA requires the court to enforce the arbitration agreement in accordance with its terms. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999).

In determining the validity of an agreement, the court considers whether the arbitration clause is procedurally and substantively unconscionable. Davis v. O'Melveny & Myers, 485 F.3d 1066, 1072 (9th Cir. 2007). Procedural unconscionability focuses on oppression or surprise due to unequal bargaining power between the parties. Armendariz v. Foundation Health Psychcare Services, 24 Cal. 4th 83, 114 (2000). "A contract is oppressive if an inequality of bargaining power . . . precludes the weaker party from enjoying a meaningful opportunity to negotiate and choose the terms of the contract." Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1171 (9th Cir. 2003). "Surprise" references

---

that the franchise agreement is governed by California law"). In their reply, defendants attempt to argue Ohio law is additionally relevant; however, they fail to explain why they did not apply that law in their moving papers, nor why they relied on California law in the first instance. Additionally, a defendant may not raise new issues of law in its reply, and thus, the court properly disregards defendants' arguments on this issue. Cross v. State, 911 F.2d 341, 345 (9th Cir. 1990). Finally, even were the court to consider defendants' arguments set forth in the reply, they fail to demonstrate any significant difference in California and Ohio law which would impact the court's resolution of this motion.

the extent to which the terms of the bargain are drafted by the party seeking to enforce the contract and whether terms are hidden in the prolix printed form.  Id.  (citing Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1532 (1997)).  Ultimately, procedural unconscionability focuses on the manner in which the agreement was negotiated.  Martinez v. Master Protection Corp., 118 Cal. App. 4th 107, 113 (2004).

Substantive unconsciability, on the other hand, "focuses on the terms of the agreement and whether those terms are so one-sided as to *shock the conscience*."  Soltani v. Western & Southern Life Ins. Co., 258 F.3d 1038, 1043 (9th Cir. 2001) (emphasis in original).  In evaluating the substance of a contract, courts must analyze the terms of the contract as of "the time [it] was made."  A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 487 (1982).

Both procedural and substantive unconscionability is required to invalidate an arbitration clause.  However, the two aspects need not be present to the same degree.  The more "substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."  Armendariz, 24 Cal. 4th at 114.

In determining whether the arbitration clause encompasses the dispute at issue, the Ninth Circuit has generally held arbitration clauses to be "expansively interpreted."  Simula, 175 F.3d at 721.  Therefore, a plaintiff's allegations need only "touch matters" covered by the contract containing the arbitration clause.  Id. (citing Mitsubishi Motors Corp. v. Soler

Chrysler-Plymouth, Inc., 473 U.S. 614, 624 n. 13 (1985)).

Because the court finds the arbitration clause, here, invalid as procedurally and substantively unconscionable, it does not reach the question of whether the clause encompasses the claims for relief at issue.

**ANALYSIS**

As a threshold issue, plaintiff argues the court should deny defendants' motion on the ground defendants waived the right to compel arbitration by refusing to meet and confer with plaintiff about his claims prior to demanding arbitration.  Waiver of a constitutional right to arbitration is not favored.  Lake Communications, Inc. v. ICC Corp., 738 F.2d 1473, 1377 (9th Cir. 1984).  Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements.  Moses H. Cone Hosp., 460 U.S. at 24-25 (as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the issue is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability). Because waiver of the right to arbitration is disfavored, any party arguing waiver of arbitration bears "'a heavy burden of proof.'"  Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986) (citations omitted).

Thus, the Ninth Circuit has held a party seeking to prove a waiver of a right to arbitrate must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right to compel arbitration; and (3) prejudice

to the party opposing arbitration resulting from such inconsistent acts.  Id.  Inconsistent behavior alone is not sufficient.  The party opposing arbitration must have suffered prejudice.  ATSA of Cal., Inc. v. Continental Insur. Co., 702 F.2d 172, 175 (9th Cir. 1983).

Here, defendants do not dispute that, at all relevant times, they knew of the arbitration clause.  Significantly, defendants also do not offer any opposition to plaintiff's evidence, describing defendants' refusal to meet and confer with plaintiff regarding his claims.[7]  As such, the court properly finds that defendants acted inconsistently with their claimed right to arbitration of the instant dispute.  The Agreement required that defendants meet and confer in good faith prior to demanding arbitration.  They failed to do so, evidencing a lack of reliance on the arbitration clause.  Moreover, for nearly five months, plaintiff's counsel regularly contacted defendants attempting to resolve plaintiff's claims informally.  Defendants never mentioned an obligation to arbitrate the parties' dispute; defendants first demanded arbitration only after plaintiff filed suit.

However, to prevail in demonstrating a waiver of the right to arbitration, plaintiff must show how he was prejudiced by defendants' actions.  ATSA of Cal., 702 F.2d at 175.  Plaintiff wholly fails to make this showing.  Indeed, plaintiff fails to even acknowledge this requirement in his opposition, and he does

---

[7] Defendants did not offer any rebuttal declaration to plaintiff counsel Carr's declaration, nor do they discuss in any respect plaintiff's statement of the facts, as described herein, in their reply.

11

1  not discuss prejudice in any respect in his papers.
2      Moreover, the court cannot discern any prejudice by virtue
3  of defendants' actions.  During the process of attempting to meet
4  and confer with defendants, plaintiff continued to pursue his
5  claims against defendants by filing DFEH and California Private
6  Attorney General claims.  Within five months of retaining counsel
7  to represent him, plaintiff filed the instant action.  The
8  action, filed August 25, 2009, remains in its preliminary stages.
9  A scheduling order has yet to issue and no discovery has taken
10 place.  Nothing about defendants' actions has prevented plaintiff
11 from litigating this case under normal circumstances.  Brownstone
12 Invest. Group, LLC v. Levey, 514 F. Supp. 2d 536, 551 (S.D.N.Y.
13 2007) (recognizing that pretrial expense and delay, without more,
14 do not constitute prejudice sufficient to support waiver but
15 rather prejudice is only properly found where, for example, a
16 party's legal position is damaged by the opposing party's delay
17 in moving for arbitration).  Here, there has been no delay or
18 evidence of unjustified pretrial expense, and plaintiff's legal
19 positions in this case have not been impeded by defendants'
20 assertion of the right to arbitrate at this time.  Therefore,
21 because plaintiff has not shown that he has suffered any
22 prejudice by defendants' actions, nor can the court discern any,
23 the court cannot find a waiver of the right to arbitrate.
24     Next, plaintiff argues that the arbitration clause is
25 unenforceable as procedurally and substantively unconscionable.
26 Under California law, "the critical factor in procedural
27 unconscionability analysis is the manner in which the contract or
28 the disputed clause was presented and negotiated."  Nagrampa v.

12

Mailcoups, Inc., 469 F.3d 1257, 1282 (9th Cir. 2006).  In this case, the arbitration provision was presented as part of an employment agreement.  Courts have routinely recognized that where an arbitration clause, contained within an employment contract, is "cast in a 'take it or leave' light and presented as [a] standard non-negotiable provisio[n], the procedural element of unconscionability is satisfied." Furguson v. Countrywide Credit Industries, Inc., 298 F.3d 778, 784 (9th Cir. 2002) (finding arbitration clause procedurally unconscionable because it was imposed on employees as a condition of employment and was non-negotiable); accord Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519 (1997).

   Such was similarly the case here.  Plaintiff was required to accept the Employment Agreement, a standardized, pre-printed form drafted by defendants, which contained the arbitration clause *or* decline defendants' job.  Plaintiff was not given an opportunity to negotiate the Agreement's terms, and defendants did not specifically explain the terms to plaintiff, nor was plaintiff given an opportunity to consult with an attorney regarding the Agreement's provisions.  Plaintiff attests that he never received a copy of the Agreement and was ultimately surprised by defendants' demand for arbitration because he was not aware of the provision.  (Corin Decl., ¶ 17.)  "A contract is oppressive if an inequality of bargaining power between the parties precludes the weaker party from enjoying a meaningful opportunity to negotiate and choose the terms of the contract." Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1171 (9th Cir. 2003) (holding arbitration clause procedurally unconscionable where the

13

clause was presented as part of the employer's standard employment agreement which the employer made a prerequisite to employment and job applicants were not permitted to modify the agreement's terms, instead they had to "take the contract or leave it").

Defendants' contention that plaintiff had ample time to review the contract, which they allege was "straightforward and plain" in its language, is unavailing. Courts have plainly rejected such arguments. See e.g. Ferguson, 298 F.3d at 784. Where a plaintiff has no meaningful opportunity to "opt out" of the arbitration provision, and has no power to negotiate any terms of the agreement, the court cannot find the arbitration provision procedurally valid. Circuit City Stores, Inc. v. Mantor, 335 F.3d 1101, 1106 (9th Cir. 2003) (holding that at a minimum, a party must have reasonable notice of his opportunity to negotiate or reject the terms [of such] a contract, and he must have had an actual, meaningful and reasonable choice to exercise that discretion.") In this case, defendants presented the arbitration provision on an "adhere-or-reject basis," and thus, the court must find the arbitration provision procedurally unconscionable.

The court likewise finds grounds to conclude that the arbitration provision is substantively unconscionable. Susbstantive unconcionability is found where the agreement is one-sided or overly harsh in its results. Armendariz, 24 Cal. 4th at 114. The key consideration in finding substantive unconscionability is a lack of mutuality. Nagrampa, 469 F.3d at 1281. Without mutuality, "arbitration appears less as a forum

14

for neutral dispute resolution and more a means of maximizing employer advantage.  Arbitration was not intended for this purpose." <u>Armendariz</u>, 24 Cal. 4th at 118.

Thus, courts have held that substantive unconscionability exists when an arbitration agreement gives one party the right to choose its judicial forum and eliminates such choice for the other party.  <u>Nagrampa</u>, 429 F.3d at 1287.  An agreement

> lacks basic fairness and mutuality if it requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrence or series of transactions or occurrences.

<u>Armendariz</u>, 24 Cal. 4th at 120.  For example, in <u>Armendariz</u>, the California Supreme Court found the arbitration provision at issue there substantively unconscionable because an employee allegedly terminated for stealing trade secrets was required to submit his wrongful termination claim to arbitration, while the employer could pursue a trade secrets claim against the employee in court.  <u>Id.</u>; <u>see also</u> <u>Ferguson</u>, 298 F.3d at 785 (finding an arbitration clause substantively unconscionable because it "compels arbitration of the claims employees are most likely to bring against [the employer] . . . [but] exempts from arbitration the claims [the employer] is most likely to bring against its employees").

The arbitration provision in this case likewise contains similar wholly, one-sided provisions benefitting the employer.  The Employment Agreement specifies certain claims that plaintiff must submit to arbitration, including claims for unpaid wages, wrongful termination and employment discrimination claims.  (Compl., Ex. A at 5, § 8.)  Such claims are the types of claims

15

typically brought by employees against their employers.  Martinez v. Master Protection Corp., 118 Cal. App. 4th 107, 115 (2004).  Yet, the Agreement excludes from the arbitration provision those claims typically brought by an employer against its employee, including claims defendants may have against plaintiff for trade secret violations, misuse or disclosure of confidential information or unfair competition.  (Compl., Ex. A at 3-6, §§ 4, 8.)

The California Supreme Court in Armendariz made clear that, at a minimum, a "modicum of bilaterality" is required for an arbitration clause to be enforceable.  "[G]iven the disadvantages that may exist for plaintiffs arbitrating disputes, it is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee."  Armendariz, 24 Cal. 4th at 117.  Here, where plaintiff must arbitrate all claims he is most likely to have against defendants but defendants are permitted to litigate their most likely claims against plaintiff in court, mutuality is not present.  The lack of mutuality in the employer and employee's access to judicial resolution renders the arbitration clause substantively unconscionable.  Ingle, 328 F.3d at 1173 (finding arbitration clause lacked the requisite "modicum of bilaterality" where the provision applied only to "any and all employment related legal disputes, controversies or claims of an [*employee*]").

1     Defendants contend that the disparities in the arbitration
2 provision are justified based on the "business realities" of
3 defendants' industry.  Defendants are correct that in <u>Armendariz</u>
4 the Court remarked that a certain amount of "one-sidedness" may
5 be justified based on the reasonable "business realities" of a
6 company.  24 Cal. 4th at 118.  However, such business
7 justifications must be proven.  <u>Id.</u>  Following <u>Armendariz</u>, courts
8 have routinely rejected bald assertions, like defendants make
9 here, that the disparity in the arbitration provision is
10 justified by an employer's interest in protecting its proprietary
11 information.  <u>Nagrampa</u>, 469 F.3d at 1287 (noting that "California
12 courts routinely have rejected this justification as a legitimate
13 basis for allowing only one party to an agreement access to the
14 courts").  Defendants make no specific showing demonstrating why
15 its businesses' needs require that the companies retain access to
16 the courts.  As such, this court must find the arbitration clause
17 substantively unconscionable.

18     Plaintiff asserts alternative bases for finding the
19 provision's terms substantively unconscionable; however, the
20 court need not reach those issues as considering the significant
21 level of procedural unconscionability in conjunction with the
22 substantive defects set forth above, the court properly finds the
23 arbitration clause unenforceable.  <u>Armendariz</u>, 24 Cal. 4th at
24 114.
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the foregoing reasons, defendants' motion to compel arbitration and dismiss or stay these proceedings is DENIED.

IT IS SO ORDERED.

DATED: December 18, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE